IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BROADWAY HAMPTON COURT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-4331 |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| CUNNINGHAM LINDSEY U.S., INC., | § | |
| and PAUL EUGENE ODOM, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Broadway Hampton Court ("Broadway") brings this action against Lexington Insurance Company ("Lexington"), Cunningham Lindsey U.S., Inc. ("Cunningham"), and Paul Eugene Odom, alleging that the defendants wrongfully handled Broadway's insurance claim. Lexington removed the action from the 359th Judicial District Court of Montgomery County, Texas, where it was filed under Cause No. 10-09-10052.  Pending before the court is Plaintiff's Opposed Motion to Remand (Docket Entry No. 14).  At issue is whether Cunningham and its employee Odom, who were assigned to adjust the insurance claim, are proper defendants in this action.  For the reasons explained below, Broadway's motion to remand will be granted.

### I.  Factual and Procedural Background

#### A.  Underlying Facts

Prior to the events giving rise to this action Broadway purchased a commercial insurance policy from Lexington to cover

property that it owned in Conroe, Texas.[1]  During the evening of
September 12 and the early morning of September 13, 2008,
Broadway's property was damaged by Hurricane Ike, a category 2
hurricane that inflicted substantial destruction throughout the
Texas Gulf Coast area.[2]  Broadway submitted an insurance claim to
Lexington, which assigned Cunningham to adjust the claim.[3]
Broadway alleges that Odom, an employee of Cunningham, was tasked
with investigating the claim and communicating with Broadway about
the claim.[4]

**B.   Broadway's Allegations**

Broadway initiated this action in Texas state court in August
of 2010.[5]  In laying out the factual basis for its causes of
action, Broadway alleges:

> 14.   Subsequent to Plaintiff making the Claim, Defendant
> Lexington assigned its agents and/or employees
> Defendants Cunningham and Odom to work on the
> Claim.  Defendant Odom was an employee and/or agent
> of Defendant Cunningham and was acting in
> furtherance of the business of Cunningham at all
> times material [sic] while working on the Claim.[6]

---

[1]Plaintiff's Original Petition ("Plaintiff's Petition"),
Exhibit A to Notice of Removal, Docket Entry No. 1, ¶ 12.

[2]See id. ¶ 13.

[3]Id. ¶ 14.

[4]Id. ¶¶ 21-22.

[5]Plaintiff's Opposed Motion to Remand ("Motion to Remand"),
Docket Entry No. 14, ¶ 2.

[6]Plaintiff's Petition, Exhibit A to Notice of Removal, Docket
Entry No. 1, ¶ 14.

With respect to Lexington, Broadway alleges claims for breach of contract, unfair settlement practices, prompt payment of claims, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"), and fraud.[7]  With respect to Cunningham and Odom, Broadway alleges claims for unfair settlement practices under the Texas Insurance Code, violations of the DTPA, and fraud.[8]  Broadway alleges that "Cunningham and Odom were tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including fully quantifying:  1) the damage to the structure of Plaintiff's business; 2) Plaintiff's business personal property losses; and 3) Plaintiff's business income losses."[9]  Broadway further alleges that Cunningham and Odom committed unfair settlement practices because they

> failed to fully quantify Plaintiff's damages, thus demonstrating that they did not conduct a thorough investigation of the Claim.  These Defendants failed to fairly evaluate and adjust Plaintiff's Claim as they are obligated to do under the terms of the Policy and Texas law.  By failing to properly investigate the Claim, and by undervaluing the claim, these Defendants engaged in unfair settlement practices by misrepresenting material facts to Plaintiff — the true value of Plaintiff's covered loss. Defendants Cunningham and Odom also failed to provide Plaintiff a reasonable explanation as to why Defendant Lexington was not compensating Plaintiff for the full value of Plaintiff's covered losses.[10]

---

[7] Id. ¶¶ 16–32.

[8] Id.

[9] Id. ¶ 22.

[10] Id. ¶ 23.

-3-

Broadway alleges that these actions constitute unfair settlement practices under Section 541.060 of the Texas Insurance Code.[11]

## C.    Removal

Lexington removed the action on November 3, 2010, on the basis of diversity jurisdiction.[12]   No one disputes that if all of the named parties remain joined to the action, the court lacks juris-diction since, for purposes of diversity, Broadway, Cunningham, and Odom are citizens of Texas.[13]   Lexington contends, however, that Cunningham and Odom are improperly joined and that the properly joined parties — Broadway and Lexington — are completely diverse.[14]

Broadway moved for remand on December 3, 2010, arguing that it has viable causes of action against Cunningham and Odom and that, notwithstanding the joinder issue, Lexington's removal was defective.[15]   In response, Lexington contends that Broadway failed to allege specific factual allegations of actionable conduct against the in-state defendants.[16]   Cunningham and Odom filed a

---

[11]Id. ¶ 24.

[12]Notice of Removal, Docket Entry No. 1, ¶ 9.  The parties do not dispute that the amount in controversy exceeds $75,000.

[13]Id. ¶¶ 10-13; see Plaintiff's Petition, Exhibit A to id., ¶¶ 2-5.  Lexington, on the other hand, is a citizen of Delaware and Massachusetts.  Id.

[14]Notice of Removal, Docket Entry No. 1, ¶ 14.

[15]Motion to Remand, Docket Entry No. 14, ¶¶ 17, 25.

[16]Lexington  Insurance  Company's  Opposition  to  Plaintiff Broadway Hampton Court's Motion to Remand ("Lexington's Response"), Docket Entry No. 17, ¶ 9.

separate response, taking issue with both the factual and legal bases for Broadway's causes of action against them.[17]

## II.  Standard of Review

### A.  Removal Standard

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed.  See Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441). Federal courts have original jurisdiction over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).  If jurisdiction is based on diversity, an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought."  28 U.S.C. § 1441(b).

The removing party bears the burden of establishing that a state-court suit is properly removable to federal court.  Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). When considering the propriety of removal, federal courts generally base decisions about subject-matter jurisdiction on the plaintiff's allegations as they existed when the defendant removed the action. Kidd v. Southwest Airlines Co., 891 F.2d 540, 546 (5th Cir. 1990).

---

[17]Defendants Cunningham Lindsey and Paul Odom's Response in Opposition to Plaintiff's Motion to Remand ("Cunningham and Odom's Response"), Docket Entry No. 16, ¶¶ 10-19.

Doubts about the propriety of removal are to be resolved in favor of remand.  <u>Manguno</u>, 276 F.3d at 723.

**B.   Improper-Joinder Standard**

A case may be removed despite the presence of a resident defendant if the removing defendant shows that the resident defendant was fraudulently or improperly joined.  <u>Salazar v. Allstate Texas Lloyd's, Inc.</u>, 455 F.3d 571, 574 (5th Cir. 2006).  A removing party attempting to prove improper joinder carries a heavy burden.  <u>Great Plains Trust Co. v. Morgan Stanley Dean Witter</u>, 313 F.3d 305, 312 (5th Cir. 2002).  To establish that a nondiverse defendant has been improperly joined to defeat diversity jurisdiction the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts or (2) the inability of the plaintiff to establish a cause of action against the nondiverse party in state court.  <u>Gasch</u>, 491 F.3d at 281 (citing <u>Smallwood v. Ill. Cent. R.R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), <u>cert. denied</u>, 125 S. Ct. 1825 (2005)).  Since the parties do not dispute that Odom and Cunningham are Texas residents, only the second method of establishing improper joinder is at issue.

"[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an

-6-

in-state defendant." <u>Smallwood</u>, 385 F.3d at 573.  The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  <u>Campbell v. Stone Ins., Inc.</u>, 509 F.3d 665, 669 (5th Cir. 2007).  "The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim."  <u>Id.</u>  "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state [or nondiverse] defendant."  <u>Smallwood</u>, 385 F.3d at 574.  In <u>Smallwood</u> the Fifth Circuit provided several examples of evidence that might invalidate a plaintiff's cause of action under a pierce-the-pleadings inquiry:  "For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."  <u>Id.</u> at 574 n.12.  "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."  <u>Id.</u> at 573.  In deciding whether a party was improperly joined, all unchallenged factual allegations, including those alleged in the petition, are taken into account in the light most favorable to the plaintiff, <u>id.</u>, and all contested factual issues

-7-

and ambiguities of state law are resolved in favor of the plaintiff. <u>Gasch</u>, 491 F.3d at 281.

### III.  <u>Analysis</u>

**A.  Whether Texas Law Permits Broadway's Claims Against Cunningham or Odom**

Cunningham and Odom contend that Broadway does not have a plausible cause of action against them because under Texas law independent adjusters owe no legal duty to an insured[18] and, alternatively, because they did not have the authority to commit any of the acts described in the petition.[19]  Assuming for purposes of this motion that there was no contractual relationship between Broadway and the adjusters, Broadway would be unable to prevail on claims for breach of contract, breach of the duty of good faith and fair dealing, or negligence. <u>Blanchard v. State Farm Lloyds</u>, 206 F. Supp. 2d 840, 845 (S.D. Tex. 2001) (claims for breach of contract and good faith and fair dealing) (citing <u>Griggs v. State Farm Lloyds</u>, 181 F.3d 694, 700 (5th Cir. 1999) and <u>Natividad v. Alexsis</u>, 875 S.W.2d 695, 698 (Tex. 1994)); <u>Dagley v. Haag Eng'g Co.</u>, 18 S.W.3d 787, 791 (Tex. App.—Houston [14th Dist.] 2000, no

---

[18]Cunningham and Odom's Response, Docket Entry No. 16, ¶¶ 10-12.

[19]<u>Id.</u> ¶¶ 14-16; Affidavit of Paul E. Odom, Exhibit A to <u>id.</u>, ¶¶ 2-4; Affidavit of G. Randall Gray, Exhibit B to <u>id.</u>, ¶¶ 2-3. Lexington concedes that Texas law authorizes actions against insurance adjusters in their individual capacities.  Lexington's Response, Docket Entry No. 17, ¶ 10.

pet.) (negligence).  But Broadway does not allege these claims against Cunningham and Odom.

Broadway instead brings claims for violations of the Texas Insurance Code and the DTPA, claims which under Texas law are permitted on behalf of insureds against insurance adjusters.[20]  See Rankin Road, Inc. v. Underwriters at Lloyds of London, No. 10-2226, 2010 WL 4007619, at *3 (S.D. Tex. Oct. 12, 2010); Doss v. Emp'rs Ins. of Wausau, No. 2:10-CV-146-J, 2011 WL 208387, at *3 (N.D. Tex. Jan. 24, 2011) (citing Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998)).

The Texas Insurance Code defines a "person" as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." Tex. Ins. Code § 541.002(2) (emphasis added).  Moreover, the Texas Supreme Court has held that "[t]he business of insurance includes the investigation and adjustment of claims and losses." Vail v. Texas Farm Bur. Mut. Ins. Co., 754 S.W.2d 129, 132 (Tex. 1988) (citing Aetna Casualty & Surety Co. v. Marshall, 724 S.W.2d 770, 771–72 (Tex. 1987)).  The Fifth Circuit has also held that adjusters responsible for the servicing of insurance policies

_____

[20]Broadway also alleges that Cunningham and Odom committed fraud, but because there is a reasonable possibility that Broadway could prevail with respect to its insurance-code or DTPA claim, the court need not assess the viability of the fraud claim.

engage in the business of insurance and are subject to the Texas
Insurance Code. <u>Gasch v. Hartford Indem. Co.</u>, 491 F.3d 278, 282
(5th Cir. 2007).

Recent decisions within this circuit have also held that
independent adjusters are subject to liability under the provisions
of the Texas Insurance Code. <u>See, e.g.</u>, <u>Rankin Road, Inc.</u>, 2010
WL 4007619, at *2-3; <u>Seabrook Marina, Inc. v. Scottsdale Ins. Co.</u>,
717 F. Supp. 2d 691, 692, 695-96 (S.D. Tex. 2010); <u>Lindsey-Duggan,
LLC v. Phila. Ins. Cos.</u>, SA-08-CA-736-FB, 2008 WL 5686084, at *2-3
(W.D. Tex. Dec. 15, 2008); <u>First Baptist Church v. GuideOne Mut.
Ins. Co.</u>, No. 1:07-CV-988, 2008 WL 4533729, *5 & n.8 (E.D. Tex.
Sept. 29, 2008); <u>Jones v. Ace Am. Ins. Co.</u>, No. 1:06-CV-616, 2006
WL 3826998, at *4-5 (E.D. Tex. Dec. 22, 2006); <u>McNeel v. Kemper
Cas. Ins. Co.</u>, No. 3:04-CV-0734, 2004 WL 1635757, at *2-3
(N.D. Tex. July 21, 2004). The Texas Insurance Code also permits
an insured to bring a cause of action through its tie-in statute,
<u>see</u> Tex. Ins. Code Ann. § 541.151(2), for deceptive acts or
practices enumerated in Section 17.46(b) of the DTPA, <u>see</u> Tex.
Bus. & Com. Code § 17.46(b).

The affidavits submitted by Odom and a representative of
Cunningham, which assert that neither Cunningham nor its employees
had the authority to make coverage decisions,[21] provide additional

---

[21]Affidavit of Paul E. Odom, Exhibit A to Cunningham and Odom's Response, Docket Entry No. 16, ¶ 2; Affidavit of G. Randall Gray, Exhibit B to Cunningham and Odom's Response, Docket Entry No. 16, ¶ 2.

support for the conclusion that they were individuals involved in the business of insurance under these circumstances.  Even though Odom states that he was not employed by Lexington and did not provide estimates to Lexington, he also states that he was an adjuster assigned by Cunningham "to assist with the investigation of a potential loss at the Plaintiff's property due to Hurricane Ike."[22]  Odom states that he initially inspected the damaged property, made conclusions regarding the value of the claim, forwarded the claim to a Lexington consultant, and released the final estimates to Broadway.[23]  G. Randall Gray, Vice President for Cunningham, similarly states that "Lexington retained Cunningham Lindsey to perform certain specific adjusting services on its behalf regarding a claim of property damages at Broadway Hampton Court," including the initial inspection of the damaged property.[24]

The court concludes that Broadway has viable claims under the Texas Insurance Code and under the DTPA (through its tie-in statute) with respect to Cunningham and Odom.  See Gray v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 412 (5th Cir. 2004) ("explaining that the existence of even a single valid cause of action against in-state defendants (despite the pleading of several

---

[22]Affidavit of Paul E. Odom, Exhibit A to Cunningham and Odom's Response, Docket Entry No. 16, ¶ 2.

[23]Id. ¶ 4.

[24]Affidavit of G. Randall Gray, Exhibit B to Cunningham and Odom's Response, Docket Entry No. 16, ¶ 2.

unavailing claims) requires remand of the entire case to state court").

**B.   Whether Centaurus's Claims Against Cunningham are Sufficiently Specific**

The defendants argue that even if Texas law permits Broadway to bring insurance-code and DTPA claims against Cunningham and Odom, there is no reasonable possibility that Broadway could prevail on its claims in this action because its allegations against the adjusters are merely "conclusory statements or formulaic recitations" of the statutory elements.[25]

In support of its allegations that Cunningham and Odom engaged in unfair settlement practices, Broadway recites certain portions of Section 541.060 of the Texas Insurance Code verbatim.[26]   But contrary to the defendants' contentions, Broadway also includes specific factual allegations aimed exclusively at Cunningham and Odom's conduct.   The portion of Broadway's petition pertaining to its claims for unfair settlement practices includes a section under the heading, "Cunningham and Odom."[27]   Broadway alleges in this section that (1) Cunningham and Odom "were charged with investigating the Claim and communicating with the insured about

---

[25]Cunningham and Odom's Response, Docket Entry No. 16, ¶ 22; see also Lexington's Response, Docket Entry No. 17, ¶ 12.

[26]See Plaintiff's Petition, Exhibit A to Notice of Removal, Docket Entry No. 1, ¶ 24.

[27]Id. ¶ 20.

Policy terms"; (2) Cunningham and Odom "were tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including fully quantifying" the damage to the structure of Broadway's business, Broadway's personal property losses, and Broadway's income losses; and (3) "Defendants Cunningham and Odom failed to fully quantify Plaintiff's damages, thus demonstrating that they did not conduct a thorough investigation of the Claim."[28]   Broadway claims that because of these transgressions, Cunningham and Odom undervalued the true cost of its covered losses.[29]   In light of the adjusters' admitted role in the adjustment process, there is a reasonable possibility that these allegations, if proven true, could persuade a finder of fact that Cunningham and Odom are liable under Texas law.

Other courts in this district have reached the same conclusion when faced with plaintiffs who have alleged similar facts.  See, e.g., Rankin Road, Inc., 2010 WL 4007619, at *5-6 (S.D. Tex. Oct. 12, 2010); Harris v. Allstate Tex. Lloyd's, 2010 WL 1790744, at *3-4 (S.D. Tex. Apr. 30, 2010) (granting motion to remand because the plaintiff's petition specifically alleged that the adjuster "was tasked with handling the insurance claim," "failed to fulfill this task in the manner required by the Texas Insurance Code," "misrepresent[ed] the policy coverage," "fail[ed] to attempt a fair settlement," and "fail[ed] to explain the insurer's reasons

---

[28] Id. ¶¶ 21-23.

[29] Id. ¶ 23.

-13-

for denying payment"); <u>Campos v. Am. Bankers Ins. Co. of Fla.</u>, 2010 WL 2640139, at *5 (S.D. Tex. June 30, 2010) (same).[30]

## IV.  Conclusion and Order of Remand

The court concludes that because there is a reasonable basis to predict that Broadway might be able to recover against Cunningham and Odom with respect to its claims brought under the Texas Insurance Code and DTPA, Cunningham and Odom were not improperly joined, and this action should be remanded for lack of subject-matter jurisdiction.[31]  Accordingly, Plaintiff's Opposed Motion to Remand (Docket Entry No. 14) is **GRANTED.**  This action is **REMANDED** to the 359th Judicial District Court of Montgomery County, Texas.  The clerk of this court is directed to promptly send a copy of this Memorandum Opinion and Order of remand to the District Clerk of Montgomery County, Texas.

**SIGNED** at Houston, Texas, on this 29th day of March, 2011.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[30]Not all courts agree.  <u>See Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.</u>, No. H-10-1846, 2011 WL 240335, *1-4 (S.D. Tex. Jan. 20, 2011); <u>TAJ Props., LLC v. Zurich Am. Ins. Co.</u>, No. H-10-2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010).

[31]The court's order granting Broadway's Motion to Remand renders moot Broadway's argument that the defendants did not all consent to removal in a timely manner and that their removal was therefore defective.  Even if the defendants had properly consented, they did not have a valid basis for removal.

-14-